848 F.2d 1304
 270 U.S.App.D.C. 272
 CALIFORNIA ASSOCIATION OF the PHYSICALLY HANDICAPPED, INC.,
et al., Appellants,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee,
Fox Television Stations, Inc., KTLA, Inc., National
Broadcasting Co., Inc., RKO General, Inc., Community
Television of Southern California KCOP Television, Inc.,
CBS, Inc., Metromedia, Inc., Intervenors.
CALIFORNIA ASSOCIATION OF the PHYSICALLY HANDICAPPED, INC.,
et al., Appellants,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee,
Tribune Broadcasting Company, Intervenor.
 Nos. 86-1105, 86-1321.
 United States Court of Appeals,
District of Columbia Circuit.
 June 10, 1988.
 
 Stanley Fleishman, Beverly Hills, Cal., with whom joined Robert Lind, were on the suggestions, for appellants.
 Prior report: D.C.Cir., 840 F.2d 88.
 ON SUGGESTION FOR REHEARING EN BANC
 Before WALD, Chief Judge, ROBINSON, MIKVA, EDWARDS, RUTH BADER GINSBURG, STARR, SILBERMAN, BUCKLEY, WILLIAMS, D.H. GINSBURG, and SENTELLE, Circuit Judges.
 
 ORDER
 
 1
 Appellants' suggestions for rehearing en banc have been circulated to the full Court. The taking of a vote was requested. Thereafter, a majority of the judges of the Court in regular, active service did not vote in favor of the suggestions. Upon consideration of the foregoing, it is
 
 
 2
 ORDERED, by the Court en banc, that the suggestions are denied.
 
 
 3
 A dissenting statement of Chief Judge WALD, joined by Circuit Judges MIKVA and HARRY T. EDWARDS, is attached.
 
 
 4
 Opinion dissenting from denial of suggestions to hear case en banc filed by Chief Judge PATRICIA M. WALD, joined by Circuit Judges MIKVA and HARRY T. EDWARDS.
 
 
 5
 This case should be heard en banc primarily because the panel opinion in a footnote denies standing to listeners aggrieved by a license transfer under Sec. 310(d) of the Communications Act. 47 U.S.C. Sec. 310(d). Yet Sec. 310(d) specifically requires that an application for transfer of substantial ownership or control of a license be treated like an application for an initial license grant or a license renewal. See 47 U.S.C. Sec. 308 (requirements for license applications). Listeners who suffer a prospective injury are clearly entitled to appeal the grant or renewal of a license. See FCC v. Sanders Bros., 309 U.S. 470, 60 S.Ct. 693, 84 L.Ed. 869 (1940); Office of United Church of Christ v. FCC, 359 F.2d 994 (D.C.Cir.1966). There appears no reason why they cannot appeal a transfer on precisely the same grounds.
 
 
 6
 Here the advocates of the hearing-impaired alleged that the deficiencies of the license transferor would continue unabated by the transferee. Accepting that assumption, the panel nonetheless found that CAPH's injury "occurred before, existed at the time of, and continued unchanged after the challenged Commission action," and hence the causation requirement of Article III standing had not been satisfied. Effectively, this means that license transfers can no longer be challenged on appeal by listeners whose prior grievances, however meritorious, would be continued unabated under the license transferees. This result is a direct repudiation of the grant-transfer equivalency mandate of Sec. 310(d).
 
 
 7
 En banc consideration is also necessary since the standing issue was neither briefed nor raised by any party on appeal, and consequently did not receive the attention its importance merited. The sole rationale for this critical holding is found in a one-paragraph footnote. 840 F.2d 88 at 91, n. 6.
 
 
 8
 The merits of the opinion are also extremely problematical; the Commission is upheld in its assertion that it will hereafter summarily deny any and all challenges to an individual station's record based on its failure to provide captioning service to the hearing-impaired, despite prior judicial holdings that the FCC has a duty to assess the "public interest" in making station grants and renewals. This hard-line position is impossible to reconcile with the thrust of Community Television of So. Cal. v. Gottfried, 459 U.S. 498, 103 S.Ct. 885, 74 L.Ed.2d 705 (1983).
 
 
 9
 The implications of this dual holding are profound for the hearing-impaired. Their grievances against individual licensees based on failure to caption, in whatever context, will not be listened to as part of license grant, renewal, or transfer proceedings; in transfer proceedings they are held under the Constitution to have no standing so long as their old injuries are merely continued rather than exacerbated by the transfer. Surely their case deserves to be reheard.